## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GEORGE HALL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 11-CV-2448-KHV/JPO** |
| SCOT BROWNRIGG, BOB MOEWS, | ) | |
| PINNACLE HEALTH FACILITIES | ) | |
| XVIII, L.P. , d/b/a PINNACLE RIDGE, | ) | |
| SHERYL HOOVER, JEFF HUPP, | ) | |
| BRIAN CARRIGER and | ) | |
| BILL FEUERBORN, | ) | |
| | ) | |
| **Defendants.** | ) | |

_____ )

### MEMORANDUM AND ORDER

Under 42 U.S.C. §1983, George Hall brings suit against Scot Brownrigg, former Sheriff of

Anderson County, Kansas; Bob Moews, detective for Franklin County, Kansas; Bill Feuerborn, Kansas

State legislator; Pinnacle Health Facilities XVIII, L.P., d/b/a/ Pinnacle Ridge ("Pinnacle Ridge"); Sheryl

Hoover, manager of Pinnacle Ridge; Jeff Hupp, former officer with the Kansas Bureau of Investigation;

and Brian Carriger, Deputy Sheriff of Anderson County. Although not entirely clear, it appears that

plaintiff alleges various claims of malicious prosecution, abuse of process and First Amendment

retaliation.[1] This matter is before the Court on the Motion To Dismiss Of Defendants Pinnacle Health

Facilities XVIII, L.P. And Cheryl Hoover (Doc. #40) filed December 7, 2011, the Motion To Dismiss

Defendants Hupp And Feuerborn (Doc. #47) filed December 8, 2011 and Defendants' Motion For

Judgment on the Pleadings (Doc. #51) which defendants Brownrigg, Moews and Carriger filed

---

[1]     To the extent that plaintiff's complaint could be read to assert state law claims for
negligence, defamation, trespass, or violation of the Kansas Constitution, plaintiff has conceded that
he does not bring any independent state law claims. Further, to the extent that plaintiff's complaint
could be read to raise a claim that defendants *conspired* to violate his rights under the United States
constitution, plaintiff concedes that he does not bring any such claims. See Plaintiff's Response Brief
(Doc. #58) at 3.

December 15, 2011.  Pinnacle Ridge and Sheryl Hoover assert that the complaint fails to state a claim because it does not allege that they are state actors or that they acted under color of state law.  The remaining defendants assert that the complaint fails to state a claim and that they are entitled to qualified immunity. For reasons set forth below, the Court finds that the motions should be sustained.

## Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).[2]  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is plausible – and not merely conceivable – on its face.  See id., 129 S. Ct. at 1949-50;  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court draws on its judicial experience and common sense to determine whether a complaint states a plausible claim for relief.  Iqbal, 129 S. Ct. at 1950.

The Court does not accept as true those allegations which state only legal conclusions.  Id. at 1949.  Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; a threadbare recitation of the elements of a cause of action supported by labels and conclusions without further factual enhancement is not enough.  Id. at 1949-50.  To be facially plausible, plaintiff's complaint must contain factual content from which the Court can reasonably infer that defendants are liable for the misconduct he alleges.  Id. at 1949.  Thus, plaintiff must show more than a sheer possibility that defendants have acted unlawfully, and must plead facts that are more than

---

[2]        The Tenth Circuit long ago imposed a heightened pleading standard when a defendant raised qualified immunity as a defense, but the heightened requirement did not survive the Supreme Court decision in Crawford-El v. Britton, 523 U.S. 574 (1998).  Currier v. Duran, 242 F.3d 905, 916 (10th Cir. 2001); Coburn v. Nordeen, 72 Fed. Appx. 744, 745-46 (10th Cir. 2003).

"merely consistent" with liability. Id. (citing Twombly, 550 U.S. at 557).  Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief.  Id. at 1950.  The degree of specificity required to establish plausibility is context-specific because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends upon the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

Although summary judgment provides the typical vehicle for asserting qualified immunity, defendants may also raise the defense in a motion to dismiss.  See Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004).  Asserting the defense in this fashion, however, subjects defendants to a more challenging standard of review than would apply on summary judgment.  See id.  Qualified immunity shields from liability government officials performing discretionary functions "if their conduct does not violate clearly established rights of which a reasonable government official would have known."  Perez v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan., 432 F.3d 1163, 1165 (10th Cir. 2005).  In evaluating qualified immunity in the context of a motion to dismiss, the Court makes two determinations:  whether plaintiff has alleged the deprivation of a constitutional right, and whether that right was clearly established at the time of the alleged violation.  See Peterson, 371 F.3d at 1202. Plaintiff bears the burden of alleging facts sufficient to allow the Court to make these determinations. See id. at 1202-03; see also Perez, 432 F.3d at 1165.  If plaintiff sufficiently alleges the deprivation of a clearly established constitutional right, qualified immunity will not protect defendants.  A valid qualified immunity defense will relieve defendants of individual liability.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  It will not, however, shield defendants from claims against them in their official capacity or from claims for prospective relief.  See id. at 819 n.34; see also Meiners v. Univ. of Kan., 359 F.3d 1222, 1233 n.3 (10th Cir. 2004).

**Factual Background**

Plaintiff's complaint alleges the following facts.[3] Several years ago, plaintiff filed suit against Anderson County, Kansas and the Sheriff's Office of Anderson County, claiming misconduct by Anderson County Sheriff's Officers.  The parties entered a confidential settlement agreement.  Some time later, plaintiff filed suit against Franklin County, Kansas and Sheriff's officers of Franklin County arising from a home invasion.  Again, the parties entered a confidential settlement.  At some unspecified time, plaintiff became involved in a dispute with a cousin of Bob Moews who lives near plaintiff.  As a result of that dispute, authorities prosecuted Moew's cousin for criminal conduct, and plaintiff filed a civil suit against him.

On an unspecified date, plaintiff removed his mother Mary Hall from Pinnacle Ridge, a long-term health care facility.  Plaintiff refused to pay her bill because her prior guardian (not plaintiff) had placed her at Pinnacle Ridge.  After plaintiff removed Mary Hall from Pinnacle Ridge, Sheryl Hoover, the manager of Pinnacle Ridge, told State Representative Bill Feuerborn and other unspecified state officials that plaintiff was illegally cashing Mary Hall's Social Security checks and that plaintiff had abused Mary Hall.  Hoover's actions resulted in unspecified false accusations by unspecified persons. The accusations resulted in plaintiff's "detention."

In an effort to have plaintiff wrongfully charged and prosecuted with a criminal offense, Franklin

---

[3]        Plaintiff's responses to the motions to dismiss primarily consist of statements of additional facts not set forth in the complaint.  The Court notes that many of these facts may be relevant to the claims which plaintiff has attempted to set forth in his complaint.  Plaintiff is represented by counsel, however, and the Court declines to consider these additional facts in ruling on the motions to dismiss.  See Geras v. IBM Corp., 638 F.3d 1311, 1314-15 (10th Cir. 2011) (no abuse of discretion where district court considered evidence referenced in complaint but not materials outside pleadings).

County detective Moews alleged to the Anderson County Sheriff's Office and the Kansas Bureau of Investigation ("KBI") that plaintiff had abused Mary Hall and that plaintiff was involved in her death. Moews also said that plaintiff had illegally cashed Mary Hall's Social Security checks. Moews did so to retaliate against plaintiff for filing a civil suit against Franklin County Sheriff's officers and for his involvement in criminal charges against Moews's cousin.

Feuerborn's brother, Dudley Feuerborn, is a long-time member of the Anderson County Commission. Over a period of 15 years, plaintiff has "taken issue" with Dudley Feuerborn, and has repeatedly suggested that he be terminated from the County Commission. In retaliation for plaintiff's actions against Dudley Feuerborn, Feuerborn individually and in his capacity as State Representative reported to law enforcement officials (including the KBI) that plaintiff was receiving and cashing Mary Hall's Social Security benefits after her death and "involved himself in unlawful actions to have plaintiff detained." Complaint, Doc. #1, at 3.

Scott Brownrigg, then Sheriff of Anderson County, initiated an investigation which indicated that plaintiff was not unlawfully cashing Mary Hall's Social Security checks and that plaintiff had not abused her or caused her death. In retaliation for plaintiff's prior claims against the Anderson County Sheriff's Office, however, Brownrigg withheld this information from the KBI. By withholding that information, he "made unlawful accusations against the plaintiff resulting in plaintiff's detention." Id. at 4.

KBI officer Jeff Hupp told the District Court of Anderson County, Kansas that plaintiff was involved in Mary Hall's "disappearance, mistreatment . . . , delayed determination of cause of death, failure to register a death, and failure to notify a coroner or a deputy of [Hall's] death." Id. at 4. Hupp did so "to involve the Anderson County District Court to cause an unlawful search of plaintiff's property

and unlawful detention of the plaintiff and he failed and refused to provide complete information to the

Court and misrepresented information to the Court."  Id.

Under Section 1983, plaintiff alleges that all defendants acted as individuals and as State actors

"to deprive him of his rights guaranteed by Federal Law and the Kansas Constitution."  Specifically,

plaintiff alleges as follows:

> As a result of the actions of the defendants, who were acting in concert,
> plaintiff has suffered emotional distress, which was caused both
> negligently and intentionally, and has been damaged by the defamation
> by the defendants, which amounts to criminal defamation, and plaintiff
> was wrongfully detained.  Plaintiff's mother died of natural causes and
> was not killed by the plaintiff and plaintiff never converted any Social
> Security checks paid to his mother.  The actions of the defendants
> invaded the privacy of the plaintiff and the actions of the defendant,
> Carriger, amounted to a trespass.
>
> That heated exchanges occurred between the plaintiff and the defendant,
> Brownrigg, with regard to Brownrigg's use and misuse of his official
> position, because of personal animosity between plaintiff and Brownrigg
> and Brownrigg retaliated against the plaintiff exercising his rights of free
> speech under the First Amendment by withholding information from the
> KBI to cause these events to occur.  The actions of the defendants were
> intentional and malicious and not in good faith and also amounted to an
> abuse of process and harassment.

Doc. #1 at 5.  Plaintiff seeks actual and punitive damages, plus costs and attorney's fees.

**Analysis**

I.    **Motion To Dismiss Of Defendants Pinnacle Health Facilities XVIII, L.P. And Cheryl
      Hoover (Doc. #40).**

Although the complaint is not clear, it appears that plaintiff claims that Hoover and Pinnacle

Ridge violated his Fourth Amendment rights (as incorporated by the Fourteenth Amendment) by

alleging to state authorities that plaintiff was abusing his mother and mishandling her social security

checks, which resulted in plaintiff being detained.  Defendants move to dismiss this claim for failure to

state a claim.

To state a claim under Section 1983, plaintiff must allege that defendants deprived him of a right secured by the Constitution and laws of the United States and that defendants committed this deprivation under color of state law.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207 (10th Cir. 2005).  To allege that defendants acted under color of law, the deprivation of a federal right must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor. Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982); Yanaki 415 F.3d at 1208.  Plaintiff may allege that defendants are state actors because they are state officials, or acted together with or obtained significant aid from state officials, or because their conduct is otherwise chargeable to the State.  Lugar, 457 U.S. at 924 (Fourteenth Amendment directed at States, and can be violated by conduct fairly characterized as state action).

Defendants assert that the Court must dismiss this claim because plaintiff has not sufficiently alleged that they acted under color of state law.  In particular, Hoover and Pinnacle Ridge argue that the complaint does not allege facts which would support a conclusion that they are state actors.  Plaintiff simply claims that after he removed Mary Hall from Pinnacle Ridge, Hoover told Feuerborn and other unspecified state officials that plaintiff was illegally cashing her Social Security checks and that plaintiff had abused Mary Hall.[4]  Plaintiff alleges that Hoover's actions resulted in unspecified false accusations by unspecified persons which resulted in plaintiff's detention.

---

[4]      Plaintiff does not allege that Hoover or Pinnacle acted under a state law which mandates reporting of suspected abuse, and the Court will not fashion a complaint for plaintiff, who is represented by counsel.

The mere furnishing of information to police officers does not constitute action under color of state law which renders a private citizen liable under Sections 1983 or 1985. See Nielander v. Bd. of Cnty. Comm'rs, 582 F.3d 1155, 1166 (10th Cir. 2009); Morris v. Dillard Stores, 277 F.3d 743 (5th Cir. 2001). Although it is possible to allege a Section 1983 conspiracy against a private actor in limited circumstances, plaintiff has failed to do so in this case. See Lindsey v. Thomson, 275 Fed. Appx. 744, 746 (10th Cir. 2007) (citing Crabtree ex rel Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990) (allegations of conspiracy must provide some factual basis to agreement and concerted action). The Court therefore finds that plaintiff's claims against Pinnacle and Hoover should be dismissed.[5]

## II.     Motion To Dismiss Defendants Hupp And Feuerborn (Doc. #47)

The Court surmises that plaintiff seeks to bring a claim against Hupp and Feuerborn under Section 1983 for malicious prosecution and/or abuse of process. Hupp and Feuerborn move to dismiss these claims for failure to state a claim and because they are entitled to qualified immunity.

Malicious prosecution is concerned with maliciously causing process to issue – using process for its intended purpose but without reasonable or probable cause. Wolford v. Lasater, 78 F.3d 484, 490 (10th Cir. 1996); see also Jackson & Scherer, Inc. v. Washburn, 496 P.2d 1358, 1366 (Kan. 1972). Abuse of process, on the other hand, is primarily concerned with the improper use of process after it has been issued – using a "legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed." Nelson v. Rains, No. 06-2072, 2006 WL 1580978, at *3 (D. Kan. June 5, 2006); Wolford, 78 F.3d at 490.

Malicious prosecution and abuse of process can serve as the basis for a Section 1983 action only

---

[5]     The Court further finds that Hoover and Pinnacle are entitled to dismissal for substantially the alternative reasons set forth in their well-reasoned memorandum in support of their motion to dismiss. See Doc. #41 at 12-29.

if plaintiff alleges an underlying constitutional violation.  Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007) (core inquiry under Section 1983 action, regardless of analogous common law tort, is whether plaintiff has alleged actionable constitutional violation).  Malicious prosecution and abuse of process claims are usually grounded in the Fourth Amendment right to be free from unreasonable seizure, although they can also be based on Fourteenth Amendment due process guarantees.  See Novitsky v. City of Aurora, 491 F.3d 1244, 1258 (10th Cir. 2007); Pierce v. Gilchrist, 359 F.3d 1279, 1285-86 (10th Cir. 2004) (initial seizure governed by Fourth Amendment, but at some point after arrest, and certainly by time of trial, constitutional analysis shifts to Due Process Clause).

      A.     Malicious Prosecution

The following elements of common law malicious prosecution are the starting point for analysis of a Section 1983 malicious prosecution claim: (1) defendant caused plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of plaintiff; (3) the original arrest, continued confinement or prosecution was not supported by probable cause; (4) defendant acted with malice; and (5) plaintiff sustained damages. Wilkins v. DeReyes, 528 F.3d 790, 797 (10th Cir. 2008), Novitsky, 491 F.3d 1244, 1257–58 (10th Cir. 2007).  The ultimate question, however, is whether plaintiff has alleged a constitutional violation.  See Wilkins, 528 F.3d at 797 (probable cause element provides necessary connection between common law tort and Fourth Amendment).

Defendants point out that plaintiff has not alleged that he was confined or prosecuted; he asserts that he was "detained" and refers to a search warrant.  He thus has no Fourth Amendment claim for malicious prosecution.  See Johnston v. Stone, No. 10-2051, 2010 WL 1740889, at *3-4 (D. Kan. April 28, 2010) (detention without arrest not enough to support malicious prosecution claim).  Here, without a Fourth Amendment seizure or a due process violation after an arrest, plaintiff's allegations do not set

forth a Section 1983 malicious prosecution claim.

      B.    Abuse of Process

      To set out a claim for the tort of abuse of process, plaintiff must allege that (1) defendants made an illegal, perverted or improper use of the process; (2) defendants had an ulterior purpose or motive for exercising the illegal, perverted or improper use of the process; and (3) plaintiff suffered damage from the irregularity.  Good v. Bd. of Cnty. Comm'rs of Shawnee Cnty. Kan., 331 F.Supp.2d 1315, 1330 (D. Kan. 2004) (citing Porter v. Stormont-Vail Hosp., 228 Kan. 64, 646, 621 P.2d 411, 416 (1980)). "The gist of tort of abuse of process is not commencing an action or causing process to issue without justification [which is essential for malicious prosecution], but misusing or misapplying process justified in itself, for an end other than that which it was designed to accomplish."  Id.; see also Jackson, 209 Kan. at 331, 496 P.2d at 1366–67.

      Plaintiff alleges that a judge issued a search warrant for his property based on incomplete information provided by Hupp and Feuerborn.  Defendants point out that plaintiff does not allege that either of these defendants used legal process – the search warrant – to accomplish an end other than the purpose for which it was designed.  See Porter, 228 Kan. 641, 621 P.2d 411 (1980) (overzealous use of otherwise proper legal process not tortious abuse of process).  Accordingly, plaintiff has not alleged a Fourth Amendment claim for abuse of process under Section 1983.

## III.    Motion For Judgment On The Pleadings of Defendants Scott Brown Rigg, Bob Moews and Brian Carriger (Doc. #51)

      The complaint appears to assert a First Amendment retaliation claim against Moews, Brownrigg and Carriger.  To state a Section 1983 retaliation claim, plaintiff must plausibly allege that (1) he engaged in a constitutionally protected activity; (2) defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and

(3) defendants' actions were substantially motivated as a response to plaintiff's exercise of First Amendment rights.  Nielander, 582 F.3d at 1165.  Defendants assert that the complaint fails to adequately allege the second and third elements.  Because the Court finds that the complaint does not adequately allege causation, it does not address defendants' other arguments.

        A.    Causation

Defendants argue that plaintiff fails to allege that any of these three defendants caused him to suffer an injury that would chill an ordinary person from engaging in protected conduct.

To establish causation, Hall must allege sufficient facts to satisfy the "multi-layered causation analysis" set out in Hartman v. Moore, 547 U.S. 250 (2006).  See, e.g., McBeth v. Himes, 598 F.3d 708, 719 (10th Cir. 2010) (extending Hartman analysis outside context of retaliatory prosecution when defendant who allegedly acted with retaliatory animus not same individual that caused plaintiff's injury). Unless the retaliation is the but-for cause of the adverse action, a First Amendment claim fails for lack of causal connection between the unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind.  Id.  Plaintiff must "bridge the gap" between the official with the retaliatory motive and the official who takes the adverse action against him.  Id. at 720. Defendants argue that Hall's allegations do not establish a causal link between their alleged animus and his alleged injury – that an unidentified person detained him.  The Court agrees.

The complaint contains no facts regarding any retaliatory motive by Carriger.  The complaint contains conclusory allegations that Moews made accusations about plaintiff in retaliation for plaintiff's suit against Franklin County and for plaintiff's involvement in criminal charges against Moews' cousin. It also alleges that Brownrigg initiated an investigation and withheld information from the KBI because of his personal animosity toward plaintiff and to retaliate for plaintiff's lawsuit against Anderson

County.

Plaintiff does not allege any facts, however, to identify the temporal proximity between his alleged protected conduct and defendants' subsequent actions.  See Meiners v. Univ. of Kan., 359 F.3d 1222, 1231 (10th Cir. 2004) (discussing retaliation in Title VII summary judgment context); Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir. 1997) (three-month gap standing alone insufficient in Fair Labor Standards Act summary judgment context); Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999) (assuming two-month-and-one week gap sufficient in context of Americans with Disabilities Act summary judgment).  Plaintiff also has not set forth a plausible First Amendment retaliation claim against defendants for reasons further set forth below.

     1.     Moews

Plaintiff alleges that Moews harbored retaliatory animus against him because plaintiff had previously sued the Sheriff's Department and had been involved in altercations with Moews' cousin. Plaintiff alleges that seeking to have plaintiff wrongfully charged with a criminal offense and prosecuted, Moews informed the Anderson County Sheriff's Office and the KBI that plaintiff had abused his mother and illegally cashed her Social Security checks. Plaintiff alleges that other defendants made the same allegations to a state representative, the KBI and the Anderson County Court.  In conclusory fashion, plaintiff then alleges that some unidentified person wrongfully detained him. Nothing in the complaint links Moews' alleged animus to the independent acts of others who reported the same allegations of abuse and check cashing, nor does anything link Moews' alleged animus to the unidentified person who detained plaintiff.  Further, the complaint does not allege that the unidentified person lacked sufficient cause to detain plaintiff.  Without more, Hall has failed to state a First Amendment retaliation claim against Moews. See McBeth 598 F.3d at 720 (in complex causation cases,

-12-

plaintiff must allege that state official who took adverse action lacked cause to do so); see also Robbins, 519 F.3d at 1250 (Section 1983 plaintiff must make clear exactly who did what to whom, to provide each individual fair notice as to basis of claim against him or her, as distinguished from collective allegations against state).

> 2.   Brownrigg

Brownrigg allegedly harbored retaliatory animus against plaintiff because of plaintiff's previous lawsuit against the Anderson County Sheriff's Office and because of heated exchanges in which plaintiff asserted that Brownrigg had abused his position as Sheriff.  Brownrigg points out that although the complaint states that he initiated an investigation of plaintiff and withheld information from the KBI, it does not link his alleged animus to plaintiff's detention by an unidentified person.  Further, it does not allege that the person who detained plaintiff lacked probable cause to do so.  As a result, plaintiff's claim against Brownrigg fails because it does not allege but-for causation.  See McBeth, 598 F.3d at 720.

> 3.   Carriger

The complaint alleges that Carriger is the Deputy Sheriff of Anderson County and that he undertook unspecified actions which amounted to trespass.  Carriger notes that the complaint does not set forth plaintiff's protected activity for which Carriger retaliated against him.  Further, the complaint does not allege any animus by Carriger.  Because plaintiff fails to establish a retaliatory motive for Carriger's actions, he also cannot link any animus to his alleged injury.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss Of Defendants Pinnacle Health Facilities XVIII, L.P. And Cheryl Hoover (Doc. #40) filed December 7, 2011; the Motion To Dismiss Defendants Hupp And Feuerborn (Doc. #47) filed December 8, 2011 and Defendants' Motion For

Judgment on the Pleadings (Doc. #51) which defendants Brownrigg, Moews and Carriger filed December 15, 2011 be and hereby are **SUSTAINED**.

Dated this 24th day of July, 2012 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-14-